UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BEVERLY YORK AND LINDA WILSON, on behalf of themselves and other persons similarly situated | * * * * | CIVIL ACTION NO.: 16-12487 |
| | * | SECTION: |
| versus | * * | MAGISTRATE: |
| ADVOCATES FOR JUVENILE & ADULT RIGHTS, INC. | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COLLECTIVE ACTION
AND CLASS ACTION PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, come plaintiffs, Beverly York and Linda Wilson ("Representative Plaintiffs") on behalf of themselves and all similarly situated individuals (collectively referred to as "Plaintiffs"), who, bring their Collective Action and Class Action Petition for Damages ("Petition"), under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq*. ("FLSA") and state as follows:

**JURISDICTION AND VENUE**

1.

Jurisdiction over Plaintiffs' federal claims is conferred on this Court under 29 U.S.C. §216(b), 28 U.S.C. §1331, 1343, and over Plaintiffs' supplemental state law claims under 28 U.S.C. §1367.

2.

Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) in that the claims arose in the Eastern District of Louisiana, because the Defendants conducts business in the

Eastern District of Louisiana, and the Plaintiff was employed is in the Eastern District of Louisiana.

## **PARTIES**

3.

The Representative Plaintiffs Beverly York and Linda Wilson are citizens of the State of Louisiana. Plaintiffs are current and former employees of Defendant, as defined in 29 U.S.C. 201 *et seq*. Plaintiff Beverly York worked for the Defendant from approximately 2012 until February of 2016. Plaintiff Linda Wilson worked for the Defendant from approximately 2010 to November of 2015. The job that they were assigned to was initially referred to as "Personal Care Aides", but was later re-titled "Direct Service Workers," without any substantive change in job duties (hereinafter referred to as "DSWs")

4.

Made defendant herein is Advocates for Juvenile and Adults Rights, Inc.("AJAR" hereinafter referred to as "Defendant") a Louisiana corporation with its principal office located at 7020 Boston Drive, New Orleans, LA 70127, and is an enterprise engaged in commerce and an employer within the meaning of the FLSA, 29 U.S.C. 201 *et seq*. AJAR's registered agent for service is L'orchid B. Thomas, 2148 Colonial Dr., Laplace, LA 70068, is licensed to do business, and is doing business, in the State of Louisiana, therefore, subject to personal jurisdiction in Louisiana for the purpose of this lawsuit.

5.

At all times pertinent hereto Defendant was an "employer" and therefore subject to the FLSA.

## **STATEMENT OF THE CASE**

6.

This Petition arises out of Defendant's concerted efforts to deprive the Plaintiffs of monies rightfully earned under a scheme that violates Louisiana law, and also violates the FLSA found at 29 U.S.C. §201, *et seq.*, and specifically the collective action provision of the FLSA found at §216(b).

7.

Each of the Plaintiffs herein worked hours while employed by Defendant for which they either received no compensation, for which there were improperly paid at a rate less than one-and-one half times their normal hourly rates, and/or for which they were paid below minimum wage.

8.

Defendant's actions, as set forth more fully below, in failing to compensate the Plaintiffs and failing to keep records in accordance with the provisions of the FLSA, were willful.

9.

As set forth more fully below, Defendant has engaged and continue to engage in a centralized, widespread pattern and practice of FLSA violations, violations of Louisiana law, and intentional schemes designed to undermine and avoid the minimum wage and overtime pay provisions of the FLSA on a systemic, corporate-wide basis.

10.

At all times material hereto, plaintiff and each member of the Plaintiff Class, defined below, were employees of defendants, under the Fair Labor Standard Act ("FLSA"). Upon

information and belief, during the relevant time period, over 40 different employees have worked as DSWs without being paid minimum wage.

At all relevant times, Defendant employed Plaintiff and the Plaintiff Class, under the FLSA. Defendant maintained control and established the employment policies that applied to Plaintiff and the Plaintiff Class while working for the Defendant. The Defendant benefited financially from the work plaintiff and the Plaintiff Class performed while working for the Defendant. Additionally, the Defendant supervised the Plaintiff and the Plaintiff Class. As employer of the Plaintiff Class, Defendant is responsible for compliance with all of the applicable provisions of the FLSA, as provided in 29 C.F.R. ' 791.2(a) and (b).

At all times materials hereto, the employment terms, conditions and policies that applied to Plaintiff were the same as those applied to the other members of the Plaintiff Class. Throughout the relevant time, Defendant's policies and procedures regarding the classification of all DSWs, including Plaintiffs were the same.
Plaintiffs' injuries were caused by the Defendant's application of this common policy in the same manner as they were applied to any absent class members.

At all relevant times herein, the Plaintiffs were employed by Defendant, and were supposed to be paid at an hourly rate.

11.

DSW's provided the general services of a patient care attendant, including but not limited to doing the following work for patients: preparing menus; feeding meals; household work; scheduling, transporting and waiting for patients at doctors' appointments; buying groceries; ordering medication and give it to them; cooking; pay their bills; preparing progress notes, timesheets, and any necessary incident reports.

12.

The Plaintiffs regularly worked over 40 hours in a workweek in order to complete all of their job assignments.  Defendant however, did not pay Plaintiffs for all hours worked and failed to pay overtime, repeatedly denied Plaintiffs' rights guaranteed to them under the FLSA and Louisiana law.   Besides not being paid minimum wage or overtime, Defendants failed to pay mileage, required DSWs to pay for their own training, required them to pay for t-shirts that were never provided to them, and were not paid for the time spent waiting for clients at medical and personal appointments.

13.

Defendant has failed and continues to fail to meet the requirements of Louisiana law and FLSA by instituting policies and engaging in practices that deprive Plaintiffs of wages earned, and violate the minimum wage, overtime pay and record keeping provisions of the FLSA. Specifically, Defendant violated these provisions by, among other things:

1. Requiring, suffering, and/or permitting Plaintiffs to begin working prior to their first job assignments and failing to record or pay wages for the time worked prior to the start of their first job assignment, including, but not limited to, requiring Plaintiffs to report to the company office before they went to their first job assignment and requiring employees to call from their personal phones to receive job assignments for the day;

2. Requiring, suffering, and/or permitting Plaintiffs to continue working after they completed all of their job assignments by, among other things, failing to record or pay wages for the time worked subsequent to the end of their shifts;

3. Requiring, suffering, and/or permitting Plaintiffs to work hours "off the clock" throughout their work day by failing to record or pay wages for travel time between job assignments, for wait time between and during job assignments and by engaging in a policy or practice of reducing hours on Plaintiffs' time records;

4. Violating the record-keeping provisions of the FLSA by failing to properly records hours worked;

5. Failing to properly calculate the overtime rate by, among other things, failing to record or pay wages for all hours and failing to pay overtime wages at one-and-one-half times the Plaintiffs' regular rate of pay as required by law;

14.

The Plaintiffs were and/or are subject to the policies, conduct and practices of Defendant set forth above and, as a result, their number of hours worked as recorded by Defendant was far less than their actual number of hours worked.

15.

Pursuant to Defendant's policies and practices, Defendant has failed and continues to fail to compensate Plaintiffs for wages earned and pay Plaintiffs the required minimum wage and overtime premium pay of one-and-one-half times their regular rate of pay for all hours worked in excess of a 40 hour work week.

16.

In addition to failing to compensate Plaintiffs for all hours worked, Defendant withheld mileage/travel costs and uniform costs from Plaintiffs' paychecks, and improperly "charged" Plaintiffs for equipment, uniforms and fees for required certifications and licensing.

## **COLLECTIVE ACTIONS FOR VIOLATIONS OF THE FLSA**

17.

Plaintiffs hereby incorporate by reference each of the preceding allegations as though fully set forth herein.

18.

Defendant has violated the provisions of the FLSA, resulting in damages to Plaintiffs, and those similarly situated, in the form of unpaid wages, incurred and incurring costs and reasonable attorney's fees.

19.

As a result of the minimum wage, overtime pay and record keeping violations of the FLSA, the Plaintiffs have suffered damages by failing to receive their lawful wages during their tenure of employment with Defendant. In addition to the amount of unpaid wages owing to the Plaintiffs, they are also entitled to an additional amount of liquidated damages pursuant to 29 U.S.C. § 216(b) and/or prejudgment interest.

20.

The Plaintiffs are entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

21.

Pursuant to 29 U.S.C. § 216(b), attached to and filed with this Petition as Exhibit A is the Consent to Join Collective Action form signed by the Representative Plaintiffs.

22.

Defendant's actions in failing to compensate the Plaintiffs in accordance with the provisions of the FLSA were willful and not in good faith.

23.

There are numerous other similarly situated employees and former employees of Defendant who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Specifically, all employees and former employees of Defendant who have been employed by the Defendant as personal care aides and/or direct service workers in the State of Louisiana should receive notice and opportunity to join the present lawsuit.

## **CLASS ACTION FOR VIOLATIONS UNDER LOUISIANA LAW**

24.

Plaintiffs hereby incorporate by reference each of the preceding allegations as though fully set forth herein.

25.

Defendant has regularly made unilateral deductions from payments to their employees for a variety of reasons not allowed under La. R.S. 23:631, *et seq.*, and has otherwise failed to pay wages under La. R.S. 23:631, *et seq.*

26.

Plaintiffs bring this Class Action pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves and a Class as defined below:

**"All persons who have performed personal care aide and/or direct service work with AJAR, Inc. in the State of Louisiana for the past three years and have been deprived of wages for work performed" (the "Class").**

27.

*Numerosity*.  The Class is composed of dozens of persons geographically dispersed throughout the State of Louisiana and other states, the joinder of who, in one action, is

impractical.  The Class is ascertainable and identifiable.  Membership in the Class can be determined easily.  Defendant can determine the identity of all Class Members from their own records.

28.

*Commonality*.  Questions of law and fact common to the Class exist as to all Members of the Class and predominate over any questions affecting only individual Members of the Class.  These common legal and factual issues include the following:

1. Whether Defendant deprived the Plaintiffs of rights bestowed upon Louisiana employees pursuant to La. R.S. 23:631, *et. seq.,* by making unlawful deductions from paychecks of employees in violation of Louisiana Wage and Hour law;

2. Whether Defendant conspired to deny the employees their rights as employees by a fraudulent scheme designed to convince them they were not entitled to wages for all hours worked or entitled to overtime;

3. Whether Plaintiffs are entitled to recover compensatory, exemplary, punitive and/or other damages as a result of Defendants' unlawful conduct;

4. What is the proper mechanism for assessing and awarding damages and administering relief to the Plaintiffs, including the relief to reduce the threat of future harm to the Plaintiffs;

5. The nature and extent of compensatory damages to the Plaintiffs; and

6. How compensatory damages should be allocated to the Plaintiffs.

29.

*Typicality*.  Plaintiffs' claims are typical of the claims of the Plaintiff Class, as all such claims arise out of Defendants' uniform course of wrongful conduct complained of herein.  42.

*Adequacy of Representation*.   Plaintiffs will fairly and adequately protect the interests of the Members of the Class and have no interest antagonistic to those of the Class.  Plaintiffs have retained counsel experienced in complex litigation and labor and employment law matters.

30.

*Predominance and Superiority*.  This Class Action is appropriate for certification because questions of law and fact common to the Members of the Class predominate over questions affecting only individual Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all Members of the Class is impracticable.  Should individual Class Members be required to bring separate actions, this Court and courts throughout the State of Louisiana would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments.  In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this Class Action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single Court.

31.

Pursuant to La. R.S. 23:632(a) and (c), Plaintiffs hereby request that this Honorable Court award them attorneys' fees, costs and penalties for Defendants' actions alleged herein.

**JURY DEMAND**

32.

Plaintiffs demand trial by jury on all issues for which a jury trial is allowed.

WHEREFORE, plaintiffs, Beverly York and Linda Wilson, on behalf of themselves and all similarly situated individuals, prays that defendant be cited to appear and answer this lawsuit, and that after all due proceedings are had, there be judgment herein in favor of Plaintiffs and against Defendant awarding Plaintiffs damages, liquidated damages,

attorneys' fees, costs, penalties, unpaid wages and interest. Plaintiffs further pray for all other legal and/or equitable relief to which they may be entitled.

Respectfully submitted,

*/Derek M. Mercer, Esq./*

Derek M. Mercer, Esq. (28827) Trial Attorney
MERCER LAW FIRM, LLC
127 Camp Street
New Orleans, Louisiana 70130
Telephone: 504-522-8998
Facsimile: 504-272-2974
derek@mercerlawfirm.net
*Attorney for Plaintiffs*

*And*

*/Alexandra E. Mora, Esq./*

Alexandra E. Mora (La. Bar No. 23535)

LAW OFFICE OF ALEXANDRA MORA
A PROFESSIONAL LAW CORPORATION
322 LAFAYETTE STREET
NEW ORLEANS, LA 70130

TEL. 504-566-0233

FAX. 504-566-8997

E-MAIL. AMORA@ALEXMORA.COM

**WAIVER OF SERVICE WILL BE SENT TO DEFENDANT**