UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BEVERLY YORK, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-12487** |
| **ADVOCATES FOR JUVENILE AND ADULT RIGHTS** | **SECTION "L" (3)** |

## ORDER & REASONS

Before the Court is Plaintiffs' Motion to conditionally certify a Fair Labor Standards Act ("FLSA") collective action under 29 U.S.C. § 216(b). R. Doc. 11. Defendant opposes the Motion. R. Doc. 14.

### I.     BACKGROUND

Plaintiffs Beverly York and Linda Wilson bring this complaint on behalf of themselves and all others "similarly situated" against Defendant Advocates for Juvenile and Adults Rights, Inc. ("AJAR") for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). R. Doc. 1 at 2. In their complaint, filed July 7, 2016, Plaintiffs state they were employed by Defendant as personal care aides, later re-titled Direct Service Workers ("DSWs"). Plaintiffs claim they were not paid for overtime hours, were not compensated for wait time between job assignments, were not reimbursed for travel costs, and were charged for equipment, uniforms, and required certification and licensing. R. Doc. 1 at 5-7. Plaintiffs also allege Defendant did not comply with the record-keeping provisions of the FLSA and wrongfully deducted or failed to pay wages as required by Louisiana law. R. Doc. 1 at 6, 8. Plaintiffs claim Defendant applied the same employment policies to more than 40 different employees who worked as DSWs. R. Doc. 1 at 2. Plaintiffs are seeking unpaid wages, liquidated damages, prejudgment interest, and attorney's fees.

R. Doc. 1 at 7. Plaintiffs seek class certification on the grounds that the people comprising the class are geographically diverse, the class is ascertainable and identifiable, the questions of law and fact are common to all members, the claims are typical of the class claims, and common questions of law and fact predominate over any questions affecting only individual members. R. Doc. 1 at 9-10.

Defendant timely answered the complaint and admitted that certain employees including Plaintiffs were underpaid while working at AJAR and are currently receiving restitution. R. Doc. 8 at 2. Furthermore, Defendant admits that it employed and supervised Plaintiffs and Plaintiff class, and established the employment policies that applied to the Plaintiff class. R. Doc. 8 at 2. However, Defendant contends some of Plaintiffs' claims are time barred, fail to state a cause of action, and fail to meet the necessary requirements for class certification. R. Doc. 8 at 4-5. Further, Defendant argues any state law claims are preempted by FLSA, and this Court lacks supplemental jurisdiction over Plaintiffs' remaining claims. R. Doc. 8 at 8. Defendant raises the Port-to-Portal Act, 29 U.S.C. § 260, as a defense barring Plaintiffs' claims because the acts or omissions were done in good faith and in reasonable belief that they were not a violation of the FLSA. R. Doc. 8 at 6.

**II.     PRESENT MOTION**

Plaintiffs now seek to maintain their case as a collective class action under 29 U.S.C. § 216(b) as they believe Defendant's unemployment practices were uniform throughout its operation, as Defendant applied the same policies to all DSWs employed at AJAR. Plaintiffs also seek approval of their proposed notice, and request the Court order Defendant to disclose information regarding potential class members.

### a. Plaintiffs' Motion to Certify Class (R. Doc. 11)

Plaintiffs allege that all Direct Service Workers ("DSWs") at AJAR worked more than forty hours a week, but were not paid for overtime or all the hours they worked. According to Plaintiffs, this was a blanket policy that impacted all DSWs; thus, the putative class members are similarly situated such that conditional certification is appropriate. R. Doc 11 at 1. Plaintiffs contend that under Fifth Circuit precedent, courts apply a two-step process to determine if Plaintiffs are similarly situated to putative class members. First, the Court applies a "fairly lenient standard" to determine whether Plaintiffs have made "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." R. Doc. 11 at 3 (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995)). If the Court determines that the employees are similarly situated, it has the discretion to certify the class and facilitate notice to potential plaintiffs. R. Doc. 11 at 3. Then employees may opt-in and join the suit. Plaintiffs argue this strategy avoids duplicative lawsuits and promotes judicial efficiency. R. Doc. 11 at 3. Second, after the class has been conditionally certified and the putative class members have received notice, the defendant may file a motion to decertify the class, if discovery demonstrates that the putative class members are not actually similarly situated. R. Doc. 11 at 4.

Plaintiffs contend that conditional certification is urgent in this case, "as turnover [at AJAR] is high," and any delay could allow Defendants to induce potential plaintiffs to sign contracts "reducing their rights as a requirement of continued employment." R. Doc. 11 at 4. Additionally, Plaintiffs argue their burden is very low, and their allegations that AJAR applied a single policy or plan to all DSWs is sufficient to satisfy the "fairly lenient standard" for conditional class certification. R. Doc. 11 at 5. Plaintiffs contend they have met that standard because they assert the same employment terms and conditions "applied to all DSW personnel working at

AJAR," which demonstrates the putative class members are similarly situated such that this Court should grant conditional certification. R. Doc. 11 at 6.

Finally, Plaintiffs request Court approval of their proposed notice, and argue it is appropriate because the notice is "timely, accurate, and informative" as required by law. R. Doc. 11 at 7 (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989)). Plaintiffs request this Court to order Defendant to produce the names and contact information of all individuals who were employed as DSWs at AJAR since April 22, 2012 and not paid statutory minimum wage, so that Plaintiffs may contact them to provide notice of this collective action. R. Doc. 11 at 8.

### b. Defendant's Response (R. Doc. 14)

Defendant opposes Plaintiffs' Motion, and argues that class certification should be denied because Plaintiffs have not "demonstrated a reasonable basis for alleging that a potential class exists." R. Doc. 14 at 1. Defendant argues that other than the conclusory allegations in the Complaint, Plaintiffs have not provided any evidence, such as affidavits, time or payment records, or names of potential class members, to support their allegations. R. Doc. 14 at 2. Thus, Defendant argues that Plaintiffs have not met even the lenient standard for proceeding as a class action. R. Doc. 14 at 2.

Defendant admits that the standard for conditionally certifying a collective class action is lenient at this stage in the certification process, but argues it is "by no means automatic." R. Doc. 14 at 2 (quoting *Lima v. Int'l Catastrophe Solutions, Inc.*, 493 F. Supp. 2d 793, 798 (E.D. La. 2007). Defendant argues that at the "notice stage" of conditional certification, Plaintiffs bear the burden of "making a preliminary factual showing" that the putative class members are similarly situated, or "demonstrating a reasonable basis for the allegations that [such a class] exist[s]." R. Doc. 14 at 3 (citing *Lima*, 493 F. Supp. 2d at 798.). Further, Defendant avers that Plaintiffs must

4

demonstrate that such individuals actually wish to join in the class action. R. Doc. 14 at 3 (citing *Crowley v. Paint & Body Experts of Slidell, Inc.*, No. CIV.A. 14-172, 2014 WL 2506519, at *7 (E.D. La. June 3, 2014)). In support of its argument, Defendant points to cases where courts have considered whether potential plaintiffs were actually identified, whether allegations were supported by affidavits, or whether any other evidence was submitted that established "a widespread discriminatory plan." R. Doc. 14 at 4 (citing *Lima*, 493 F. Supp. 2d at 798.).[1] Defendant argues that Plaintiffs have presented no such evidence in this case. Thus, according to Defendant, because Plaintiffs have not provided evidence to demonstrate the existence of a class, their motion for class certification must be denied. R. Doc. 14 at 5.

Additionally, Defendant argues that Plaintiffs have failed to demonstrate that the putative class members are actually similarly situated. "[G]eneral allegations that the employer violated the FLSA are insufficient" to prove putative class members are similarly situated. R. Doc. 14 at 5 (quoting *Crowley*, 2014 WL 2506519 at *4.). Defendant argues that here, Plaintiffs allege their rights under the FLSA were violated, but do not provide any details regarding their job responsibilities or details of the alleged violations. R. Doc. 14 at 6. Thus, Defendant avers, such general and vague allegations are insufficient to support class certification.

Finally, Defendant argues that this case is not appropriate as a collective action, because it will waste judicial resources, as the individual allegations do not share common facts, and "each allegation [will] have to be dissected and proven and defended" independently. R. Doc. 14 at 7.

---

[1] Defendant cites to the following cases to support its argument: *Xavier v. Belfor USA Group, Inc.*, 585 F.Supp. 2d 873, 877 (E.D. La. 2008) ("Unsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden."); *H & R Block, Ltd. v. Housden*, 168 F.R.D. 399, 400 (E.D. Tex. 1999) (denying conditional certification when movants submitted two affidavits from named plaintiffs stating they believed other workers were discriminated against in similar ways); *Stiles v. FFE Transportation Services, Inc.*, 09-1535, 2010 WL 935469 (N.D. Tex. 2010) (denying conditional certification when two named plaintiffs listed four potential class members, but there was no indication the potential class members desired to opt-in to the action); *Lentz v. Spanky's Restaurant II, Inc.*, 491 F.Supp. 663, 669 (N.D. Tex. 2007) (denying conditional certification where plaintiff failed to identify additional potential class members). R. Doc. 14 at 4.

Defendant argues that because each allegation will require an individualized inquiry, there is no benefit to proceeding as a collective action. Instead, Defendant contends, proceeding as a collective action would "unduly burden" AJAR, and only serve to "stir up unwarranted litigation." R. Doc. 14 at 8 (quoting *Lima*, 493 F. Supp. 2d at 799.).

### III. LAW AND ANALYSIS

The FLSA provides workers the right to sue collectively on behalf of themselves and others "similarly situated" for violations of the Act's minimum wage provisions and overtime protections. 29 U.S.C. § 216(b). "Unlike class actions governed by Rule 23 of the Federal Rules of Civil Procedure, in which potential class members may choose to opt out of the action, FLSA collective actions require potential class members to notify the court of their desire to opt-in to the action." *Anderson v. Cagle's Inc.,* 488 F.3d 945, 950 n.3 (11th Cir. 2007) (citing 29 U.S.C. § 216(b)). District courts have discretion to implement the collective action procedure by sending notice to potential plaintiffs. *Lentz v. Spanky's Restaurant II, Inc.,* 491 F.Supp. 2d 663, 667–68, 2007 WL 1628853, at *2 (5th Cir. 2007). Notice must be "timely, accurate and informative." *Hoffmann–La Roche, Inc. v. Sperling,* 493 U.S. 165, 169 (1989).

The Fifth Circuit has not yet established a legal standard for collective-action certification, but has affirmed two different approaches. *Portillo v. Permanent Workers, L.L.C.*, No. 15-30789, 2016 WL 6436839, at *2 (5th Cir. Oct. 31, 2016); *Roussell v. Brinker Int'l, Inc.*, 441 F. App'x 222, 226 (5th Cir. 2011); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa,* 539 U.S. 90 (2003). One method for certifying collective-action claims involves a two-step "similarly situated" test, while the other is more akin to the standard for Rule 23 class actions. *Roussell*, 441 F. App'x at 226. In the present case, this Court finds it appropriate to apply *Mooney's* two-stage approach. *Mooney*, 54 F.3d at 1216.

6

Under this two-step process, the first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision whether notice should be given to potential class members based on the pleadings, affidavits, and any other evidence which has been submitted. *Id.* at 1213. Because the court has minimal evidence at this point, and plaintiffs seeking conditional certification are not required to identify other potential collective action members, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. *Id*. at 1214. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." *Id*.

The second determination typically occurs after the defendant files a motion for "decertification" after discovery is largely complete. *Id*. At this stage, the court has substantially more evidence it can use in deciding whether the collective action members are similarly situated. *Id*. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. *Id*. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. *Id*. The original plaintiffs can then proceed to trial on their individual claims. *Id*.

As this case is presently at the "notice stage," the Court must make a decision whether conditional certification should be granted and whether notice of the action and right to opt-in should be given to potential class members. At this point, plaintiff bears the burden of making a preliminary factual showing that at least a few similarly situated individuals exist and their rights were violated in similar ways. *Nunez v. Orleans Shoring, LLC*, No. CV 16-3005, 2016 WL 3746168, at *4 (E.D. La. July 13, 2016) (citing *Banegas v. Calmar Corp.*, No. CIV.A. 15-593, 2015 WL 4730734, at *3 (E.D. La. Aug. 10, 2015)). "Although the standard for satisfying the first step is lenient . . . the court still requires at least substantial allegations that the putative class

7

members were together the victims of a single decision, policy, or plan infected by discrimination." *Smith v. Offshore Specialty Fabricators Inc.*, No. CIV. A. 09-2985, 2009 WL 2046159, at *3 (E.D. La. July 13, 2009) (quoting *H & R Block, Ltd. v. Housden,* 186 F.R.D. 399, 400 (E.D. Tex., 1999) (internal quotations and citations omitted). To determine whether plaintiffs have submitted substantial allegations of a single plan, courts consider "whether potential plaintiffs were identified . . . whether affidavits of potential plaintiffs were submitted . . . and whether evidence of a widespread discriminatory plan was submitted." *Smith v. Offshore Specialty Fabricators Inc.*, No. CIV.A. 09-2985, 2009 WL 2046159, at *3 (E.D. La. July 13, 2009); *see also Banegas*, No. CIV.A. 15-593, 2015 WL 4730734, at *4 (E.D. La. Aug. 10, 2015) ("The plaintiff may satisfy this burden by submitting evidence in the form of pleadings, affidavits and other supporting documentation.").

Here, Plaintiffs allege other similarly situated individuals exist, but do not put forth any evidence to support these allegations. Their complaint states, "over 40 different employees have worked as DSWs without being paid minimum wage." R. Doc. 1 at 4. However, Plaintiffs have not provided the names of any of these individuals, or affidavits to establish how the named Plaintiffs knew there were 40 other DSWs at AJAR. "In the Fifth Circuit, there is no categorical rule that Plaintiffs must submit evidence at this time that other [individuals] seek to opt-in to this case." *Nunez v. Orleans Shoring, LLC*, No. CV 16-3005, 2016 WL 3746168, at *4 (E.D. La. July 13, 2016) (internal quotations omitted). However, Plaintiff must "show, at least, that similarly situated individuals *exist.*" *Banegas v. Calmar Corp.*, No. CIV.A. 15-593, 2015 WL 4730734, at *5 (E.D. La. Aug. 10, 2015).

Further, Plaintiffs do not provide any evidence to support their allegations that the same employment policies applied to all DSWs employed at AJAR. To prevail on their motion for conditional certification, Plaintiffs must provide "at least some evidence beyond unsupported

factual assertions of a single decision, policy, or plan." *Lima*, 493 F. Supp. 2d at 798 (quoting *Housden*, 186 F.R.D. at 400.) To support their allegations, Plaintiffs could provide an affidavit from the two named Plaintiffs demonstrating how they knew this policy was applied to all DSWs or submit evidence of an employment agreement outlining the terms of employment for DSWs. However, they have not provided any evidence beyond the unsupported factual assertions in their complaint. Thus, because they have not provided evidence that similarly situated individuals exist, or evidence that such individuals were "together victims of a single decision, policy or plan," Plaintiffs have not satisfied their burden of demonstrating they are similarly situated to the purported class.

However, Plaintiffs may already possess sufficient evidence to demonstrate the existence of putative class members, just failed to submit it to the Court. If such evidence does exist, conditionally certifying this case as a collective class action would serve judicial efficiency, and protect the interests of any similarly-situated putative class members. Because district courts have discretionary power when determining whether to implement the collective action procedure, the Court finds it appropriate to give Plaintiffs an additional ten days to acquire and submit evidence, if any exists, demonstrating that there are other AJAR employees similarly situated to the named Plaintiffs, who were subject to the same employment policies. After such evidence has been submitted, the Court will reconsider whether conditional certification is warranted in this matter. If the Court conditionally certifies the class, the Court will then evaluate whether Plaintiffs' proposed notice is appropriate.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Certify Class, R. Doc. 11, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs shall submit additional evidence to support class certification within ten days of this Order.

New Orleans, Louisiana, this 5th day of December, 2016.

_____
UNITED STATES DISTRICT JUDGE