# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| YORK, ET AL | CIVIL ACTION |
| VERSUS | NO. 16-12487 |
| ADVOCATES FOR JUVENILE AND ADULT RIGHTS | SECTION "L" (3) |

## ORDER & REASONS

Before the Court are Plaintiffs' motion for summary judgement, R. Doc. 31, Defendant's motion to dismiss, R. Doc. 35, Defendant's motion in limine, R. Doc. 36, and Plaintiffs' motion to certify the class, R. Doc. 53. Having heard oral argument and considered the parties' briefs and the applicable law, the Court issues this Order & Reasons.

## I. BACKGROUND

This case involves a claim for unpaid wages and interest under the Fair Labor Standards Act. Plaintiffs Beverly York and Linda Wilson were employed by defendant Advocates for Juvenile and Adults Rights, Inc. as personal care aides (later re-titled Direct Service Workers). R. Doc. 1 at 2. Plaintiffs claim they were required to work overtime, were not compensated for wait time between job assignments, were not reimbursed for travel costs, and were charged for equipment, uniforms, and required certification and licensing. R. Doc. 1 at 5-7. Plaintiffs also allege defendants did not comply with the record-keeping provisions of the FLSA and wrongfully deducted or failed to pay wages as required by Louisiana law. R. Doc. 1 at 6, 8. Plaintiffs are seeking unpaid wages, liquidated damages, prejudgment interest, and attorney's fees. R. Doc. 1 at 7. Plaintiffs', in their complaint, seek recovery under both federal and state law. They urge their

1

federal claims by filing a collective action under the FLSA and their state claims by a class action under Federal Rule 23.

Defendant timely answered the complaint and admitted that certain employees including Plaintiffs had been underpaid and were currently receiving restitution. R. Doc. 8 at 2. Furthermore, Defendant avers that Plaintiffs' claims are time barred, fail to state a cause of action, and fail to meet the necessary requirements for class certification. R. Doc. 8 at 4-5. Defendant raises the Port-to-Portal Act, 29 U.S.C. § 260, as a defense barring Plaintiff's claims because the acts or omissions were done in good faith and in reasonable belief that they were not a violation of the FLSA. R. Doc. 8 at 6. Finally, Defendant denies being responsible for portions of the payments Plaintiff demands. R. Doc. 8 at 7.

Plaintiffs filed a Motion to certify a class to proceed as a collective action under 29 U.S.C. § 216(b) in November 2016. R. Doc. 11. The Court denied the Motion, as Plaintiffs had not submitted sufficient evidence to demonstrate the existence of a class. However, Plaintiffs were given leave to submit additional information. On April 27, 2017, the Court granted the Motion for conditional class certification, and ordered that Defendants produce "a complete list of all persons employed by AJAR as DSW personnel who worked at AJAR between April 22, 2012 and present, including their legal name, job title, address, telephone number, dates of employment, location of employment, date of birth, and Social DSW number." R. Doc. 21. Plaintiffs did not file a motion for certification of a class under Rule 23 for the Louisiana state law claims until January 11, 2018. R. Doc. 53.

## II. PRESENT MOTIONS

### a. Plaintiffs' Motion for Summary Judgment (R. Doc. 31)

Plaintiffs move for summary judgment on both their FLSA and LWPA claims for back

pay, unpaid overtime, liquidated damages, and attorneys' fees and costs. R. Doc. 31. Plaintiffs argue that there are no genuine issues as to any material fact because Defendant has admitted culpability. R. Doc. 31-1 at 2. Plaintiffs allege that in its 30(b)(6) deposition, Defendant admitted that it is a FLSA covered employer, all Plaintiffs are FLSA covered employees, Defendant has never paid overtime to the Plaintiffs, Defendant did not attempt to figure out how much overtime should have been paid or attempt to pay overtime. R. Doc. 31-1 at 2. Plaintiff alleges that Defendant also admitted it did not pay Plaintiffs during a period in 2014. R. Doc. 31-1 at 2. Furthermore, Plaintiff avers that Defendant has admitted that it knew it was required to pay overtime and failed to do so. R. Doc. 31-1 at 5.

Plaintiff alleges that the amended FLSA rule, applicable here, is retroactive to January 1, 2015 and that Plaintiffs are entitled to overtime pay and liquidated damages from that date. R. Doc. 31-1 at 8-9. Therefore, Plaintiffs have included detailed exhibits providing information for each plaintiff's unpaid wages and unpaid overtime. Plaintiffs ask the Court to grant summary judgment as to these claims and to award Plaintiffs their unpaid wages, liquidated damages, and attorneys' fees and costs. R. Doc. 31-1 at 12.

Defendant responds in opposition arguing that there are issues of genuine material fact. R. Doc. 43. Defendant argues that the Department of Labor did not tell Defendant that its workers would be entitled to overtime pay starting January 1, 2015. R. Doc. 43 at 2. Defendant argues that it was not making an effort to deprive Plaintiffs of wages but rather Defendant did not earn enough to pay overtime. R. Doc. 43 at 2. Finally, Defendant argues that Plaintiffs are not entitled to receive wages that have prescribed under either the LWPA or the FLSA. R. Doc. 43 at 3.

3

### b. Defendant's 12(b)(1) Motion to Dismiss (R. Doc. 35)

Defendant moves to dismiss the Louisiana Wage Payment Act ("LWPA") claims of several plaintiffs on the basis of prescription. R. Doc. 35. Defendant alleges that the prescriptive period for recovery of unpaid wages is three (3) years. R. Doc. 35-1 at 2. Defendant alleges that the following plaintiffs opted into this action after this prescriptive period had passed: Carolyn Cloud, Gieselle Davis, Diane Effron, Sheryl Green, Corey King, Angela Morgan, LeShanta Ratliff, and Reney Rumley Alexander. R. Doc. 35-1 at 2. Therefore, Defendant asks the Court to dismiss these claims. R. Doc. 35-1 at 3.

Plaintiff responds in opposition arguing that because these claims were alleged as a class action, Rule 23 tolls the statute of limitations for all potential class members. R. Doc. 46.

### c. Defendant's Motion in Limine (R. Doc. 36)

Defendant moves to exclude 1) overtime wages outside the statute of limitations and 2) alleged hearsay portions of Jacquelyn Hughes' affidavit. R. Doc. 36. First, Defendant argues that, because Defendant's alleged failure to pay overtime was not willful or reckless, the two (2) year FLSA statute of limitations applies. R. Doc. 36-2 at 3. Therefore, Defendant argues that overtime wages accrued more than two years before each plaintiff's opt-in date should be excluded from evidence. R. Doc. 36-2 at 3.

Second, Defendant alleges that Jacquelyn Hughes, Defendant's former contractor, testified "that a representative from the Department of Labor Wage & Hour Division informed [Defendant] AJAR that direct service workers would be subject to the FLSA overtime provisions beginning January 1, 2015." R. Doc. 36-2 at 4. Defendant wishes to exclude this portion of Hughes' affidavit on the grounds that it is hearsay, not offered as material fact, and not the most probative evidence for the purpose for which it is offered. R. Doc. 36-2 at 5.

Plaintiffs respond in opposition. R. Doc. 47. First, Plaintiffs argue that the three (3) year FLSA statute of limitations applies because they have alleged willful or reckless actions by Defendant. R. Doc. 47 at 1. Second, Plaintiffs argue that Jacquelyn Hughes' affidavit is not hearsay because she was present at the meeting and witnessed the statements made by the Department of Labor representative. R. Doc. 47 at 6.

### a. Plaintiffs' Motion for Class Certification (R. Doc. 53)

Plaintiffs move for the Court to certify a class under Rule 23 for their LWPA claims. R. Doc. 53. Plaintiffs acknowledge that this motion was not timely filed. R. Doc. 53-1 at 2. Plaintiffs argue that, because Defendants will not be prejudiced and judicial economy will be met by certification of the class, the Court should entertain this motion. R. Doc. 53-1 at 2. Plaintiffs assert that the class meets the requirements of Rule 23. R. Doc. 53-1.

## III. LAW & ANALYSIS

### a. Summary Judgment Standard (Fed. R. Civ. P. 56)

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id.* at 323. If the moving party meets that burden,

then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id.* at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *see also Anderson*, 477 U.S. at 249-50. In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Furthermore, a court must assess the evidence, review the facts and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001); *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

   **b. Motion to Dismiss Standard**

Rule 12(b)(1) of the Federal Rules of Civil Procedure governs challenges to a court's subject matter jurisdiction. A court must dismiss a case for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996).

Dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure is appropriate when subject matter jurisdiction is lacking. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting jurisdiction bears the burden of proof. Id. (citing Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996)).

A court reviewing subject matter jurisdiction pursuant to Rule 12(b)(1) may base its

opinion on the face of the complaint, "the complaint supplemented by undisputed facts evidenced in the record," or "the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001) (internal citations omitted). A district court evaluating subject matter jurisdiction "must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations." Vantage Trailers, Inc. v. Beall Corp., 567 F.3d 745, 748 (5th Cir. 2009) (citing Williamson, 645 F.2d at 413).

   c. **FLSA**

      i. **Remedies**

The Fair Labor Standards Act generally provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). "An employee bringing an action pursuant to the FLSA, based on unpaid overtime compensation, must first demonstrate that she has performed work for which she alleges she was not compensated." *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005). "Evidence of hours worked need not be perfectly accurate as long as it provides a sufficient basis to calculate the number of hours worked by each employee." *Colindres v. QuietFlex Mfg.*, 427 F. Supp. 2d 737, 752–53 (S.D. Tex. 2006) (internal quotations omitted) (citing *Marshall v. Mammas Fried Chicken, Inc.*, 590 F.2d 598, 598 (5th Cir. 1979)).

"An action to recover" under the FLSA may be brought "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216.

> Any employer who violates the provisions of [the FLSA] shall be liable to the . . . employees affected in the amount of their . . . unpaid overtime compensation, . . .

> and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

*Id.* at § 216(b). However, the employer may have a limited defense as to liquidated damages "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the" FLSA. *Id.* at § 260. The Second Circuit has held that this is a difficult burden and "double damages are the norm and single damages the exception." *Barfield v. New York City Health and Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008) (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999)). "To establish the requisite subjective 'good faith,' an employer must show that it took 'active steps to ascertain the dictates of the FLSA and then act to comply with them.'" *Id.* (quoting *Herman*, 172 F.3d at 142).

### ii. Statute of Limitations

The applicable statute of limitations period under the FLSA is set forth in 29 U.S.C. § 255. The action must commence within two years after the cause of action accrued. *Id.* However, if the violation is "willful," the cause of action must be commenced within three years after it accrued. *Id.* "Willful" means "that the employer either knew or showed reckless disregard as to whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 128 (1988). A cause of action "begins to accrue at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed." *Halferty v. Pulse Drug Co., Inc.*, 821 F.2d 261, 272 (5th Cir. 1987), *modified on other grounds*, 826 F.2d 2 (5th Cir. 1987); *see also Hendrix v. Yazoo City*, 911 F.2d 1102 (5th Cir. 1990) (holding that the cause of action begins to run on date employer makes unlawful payment). In a collective action, the action is "commenced" in the case of an opt-in plaintiff on the date a written

8

consent is filed. 29 U.S.C. § 256(b); *Atkins v. General Motors Corp.*, 701 F.2d 1124, 1130 n. 5 (5th Cir. 1983).

However, this limitations period is subject to tolling on equitable grounds. *Hodgson v. Humphries*, 454 F.2d 1279, 1283–84 (10th Cir. 1972). "Evidence that would permit tolling is evidence that would show that an employer-defendant engaged in fraud or misrepresentations that induced plaintiffs to delay filing FLSA-required opt-in notices." *Baldridge v. SBC Communications, Inc.*, 2006 WL 832517, at *1 (N.D. Tex. Mar. 29, 2006) (citing *Ott v. Midland–Ross*, 523 F.2d 1367, 1370 (6th Cir. 1975)).

### iii. Analysis

Here, Plaintiffs have satisfied their burden of showing that Defendant willfully violated the FLSA by failing to pay overtime. The Court finds ample evidence to demonstrate that Defendant knew Plaintiffs were employed by Defendant, knew that Plaintiffs were working overtime, and knew that Defendant was not paying Plaintiffs overtime. Defendant argues that its violation cannot be willful because, at least for part of the period in question, it did not know that it was required to pay overtime. However, Defendant, as an employer, has a duty to make itself aware of the laws applicable to its business. In this case, Defendant had a meeting with a representative from the Department of Labor in which the potential applicability of the FLSA to Defendant's business and employees was discussed. Defendant claims that it was not told by the Department of Labor specifically that the FLSA did apply or when it would become applicable. However, at the very least, Defendant knew that this change was possible and chose not to investigate further. In later communications with the Department of Labor, Defendant acknowledged its violations of the FLSA and committed to pay its employees overtime. Even then, Defendant continued to fail to pay overtime. While in the beginning Defendant may have been willfully ignorant due to its failure

9

to determine what was required of it under the FLSA, at some point Defendant was simply in willful violation. This Court finds that Defendant's willful ignorance and failure to make an effort to ascertain the applicability of the FLSA to its business and employees shows a reckless disregard for whether its actions were in violation of the FLSA. At best, Defendant failed to even inquire into its obligations beyond the cursory information it claims it received from the Department of Labor and at worst, Defendant chose to disregard information provided by the Department of Labor regarding impending changes to the applicability of the FLSA. Therefore, the Court finds that Defendant was in willful violation of the FLSA such that the three year statute of limitations applies.

This Court also finds that Defendant has been in violation of the FLSA since January 1, 2015. Before this date, Defendant's employees were exempted from the overtime provisions of the FLSA. However, the regulations were amended to include such employees effective January 1, 2015. *Application of the Fair Labor Standards Act to Domestic Service*, 78 Fed. Reg. 60, 454 (Oct. 1, 2013) (codified at 29 C.F.R. p. 552). This amendment was challenged in federal court, *Home Care Ass'n of Am. V. P. Weil*, 799 F.3d 1084 (D.C. Cir. 2015), and there has been some question as to the effective date of the regulation after it was upheld by the appellate court. Generally, court decisions are applied retroactively. *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86 (1993). This Court holds, along with many other district courts, that the effective date of the amended regulation is January 1, 2015. *See, e.g.*, *Dillow v. Home Care Network, Inc.*, 2017 WL 749196 (S.D. Ohio Feb. 27, 2017); *Cummings v. Bost, Inc.*, 218 F. Supp. 3d 978 (W.D. Ark. 2016). Therefore, Defendant is liable to Plaintiffs for unpaid overtime wages dating back to January 1, 2015.

Because Plaintiffs worked overtime, were not paid overtime, and are entitled to overtime under the FLSA, it is appropriate to grant Plaintiffs overtime wages, attorney's fees, and costs as

provided by 29 U.S.C. § 216(b). Additionally, the Court finds that Defendant cannot establish that it was in good faith and had reasonable grounds to believe that it was not violating the FLSA when it failed to pay Plaintiffs' overtime. Rather than show any active steps taken by Defendant to figure out its responsibilities under the FLSA, Defendant has demonstrated that it ignored attempts to warn of impending FLSA changes by the Department of Labor and word of mouth information from others engaged in similar businesses. R. Doc. 31-2 at 31-32. Furthermore, Defendant made no attempt to comply with relevant portions of the FLSA. Therefore, Plaintiffs are entitled to liquidated damages.

### d. LWPA

#### i. Remedies

In addition to their federal claims, Plaintiffs have filed a class action seeking recovery under the Louisiana Wage Payment Act. Louisiana Revised Statute § 23:631 provides that,

> [u]pon discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first.

La. Rev. Stat. § 23:631. Section 23:632 provides for penalties and attorney's fees to be assessed against any employer that fails to timely pay wages within a certain period of time following a demand made by the employee. La. Rev. Stat. § 23:632.

#### ii. Prescription

Under the Louisiana law, "[a]n action for the recovery of compensation for services rendered, including payment of salaries, wages, [or] commissions," is "subject to a liberative prescription of three years." La. Civ. Code art. 3494. Under Federal Rule of Civil Procedure 23, "the running of the statute of limitations [in a class action] is tolled by the commencement of the

11

suit." *Union Carbide & Carbon Corp. v. Nisley*, 300 F.2d 561, 589 (10th Cir. 1961). The Supreme Court has held that filing a class action complaint tolls the statute of limitations period until certification of the class is denied or the member is no longer a part of the class. *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 551, 553-54 (1974). However, it is unclear how long the parties may keep this tolling period suspended by failing to move for certification of the class. Local Civil Rule 23.1(B) states that the "plaintiff must move for class certification under FRCP 23(c)(1)" "[w]ithin 91 days after filing of a complaint in a class action . . . unless this period is extended upon motion for good cause and order by the court." This Court has previously granted motions brought by defendants to dismiss plaintiffs' class action requests when the class action motion was untimely made. *See, e.g.*, *Williamson v. Swiss Reinsurance Am. Corp.*, 2003 WL 22326518 (Africk, J.) (E.D. La. Oct. 8, 2003); *Stewart v. Project Consulting Servs., Inc.*, 2001 WL 1000732 (Fallon, J.) (E.D. La. Aug. 29, 2001).

### iii. Analysis

Here, the prescriptive period on Plaintiffs' LWPA claims has been tolled by filing of a class action complaint. However, Plaintiffs have failed to move for certification of such a class within the period required by the local rules and have not sought any extensions. Plaintiffs filed for certification of the class on January 11, 2018, approximately one and a half years after the initial complaint. R. Doc. 53. Because this motion to certify the class was not timely filed, it is denied. Therefore, the only LWPA claims before the Court are those of the named Plaintiffs, Beverly York and Linda Wilson. These claims were filed within the three year prescriptive period. It is clear that Defendant AJAR has failed to pay Plaintiffs York and Wilson wages earned between January 2014 and April 2014. While Defendant has paid back some of these wages, a portion remains outstanding. Therefore, the Court grants summary judgment to named Plaintiffs, Beverly

York and Linda Wilson, as to their LWPA claims for back pay, penalties, attorney's fees and costs.

   e. **Defendant's Motion in Limine**

Defendant seeks to have the Court exclude information regarding Plaintiffs' wages that fall outside of the applicable statute of limitations and prescriptive periods. Concerning the FLSA claims, the Court has found that the three year statute of limitations applies in this case. Therefore, all of the cited wage information is relevant to claims filed within the statute of limitations. Concerning the LWPA claims, the Court has denied class certification and determined that the claims of the named Plaintiffs are the only claims before the Court. Therefore, all wage information relevant to the named Plaintiffs is relevant to claims filed within the statute of limitations.

Defendant also seeks to exclude alleged hearsay from the affidavit of Jacqueline Hughes. "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. Pro. 56(c)(4). Here, Jacqueline Hughes was present for the meeting between Defendant and the representative of the Department of Labor. Therefore, she has personal knowledge of what was discussed during the meeting. Further, the facts stated in the affidavit would be admissible in evidence because the alleged hearsay statements are admitted not for their truth but to show that they were heard. This is similar to a witnesses ability to testify that they heard a car honk or another individual shout "Help!"; these statements are not hearsay. Fed. R. Evid. 802. For these reasons, Defendant's motion in limine is denied.

**IV. CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for summary judgment, R. Doc. 31, is

**GRANTED** as articulated above.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss, R. Doc. 35, is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion in limine, R. Doc. 36, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to certify the class, R. Doc. 53, is **DENIED**.

New Orleans, Louisiana, this 16th day of January, 2018.

_Eldon E. Fallon_
UNITED STATES DISTRICT JUDGE