UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| YORK, ET AL | CIVIL ACTION |
| VERSUS | NO. 16-12487 |
| ADVOCATES FOR JUVENILE AND ADULT RIGHTS | SECTION "L" (3) |

## ORDER & REASONS

Before the Court is Plaintiffs' motion for leave to file an amended complaint. R. Doc. 61. Defendant responded in opposition. R. Doc. 64. The Court heard oral argument on the motion on January 29, 2018. Having heard the parties' arguments and reviewed the applicable law, the Court issues this Order & Reasons.

### I. BACKGROUND

This case involves a claim for unpaid wages and interest under the Fair Labor Standards Act ("FLSA") and Louisiana Wage Payment Act ("LWPA"). Plaintiffs Beverly York and Linda Wilson were employed by defendant Advocates for Juvenile and Adults Rights, Inc. as personal care aides (later re-titled Direct Service Workers). R. Doc. 1 at 2. Plaintiffs claim they were required to work overtime, were not compensated for wait time between job assignments, were not reimbursed for travel costs, and were charged for equipment, uniforms, and required certification and licensing. R. Doc. 1 at 5-7. Plaintiffs also allege defendants did not comply with the record-keeping provisions of the FLSA and wrongfully deducted or failed to pay wages as required by Louisiana law. R. Doc. 1 at 6, 8. Plaintiffs are seeking unpaid wages, liquidated damages, prejudgment interest, and attorney's fees. R. Doc. 1 at 7. Plaintiffs seek class certification on the grounds that the people comprising the class are geographically diverse, the class is

1

ascertainable and identifiable, the questions of law and fact are common to all members, the claims are typical of the class claims, Plaintiffs have no interest antagonistic to those of the class, and the common questions of law and fact predominate over any questions affecting only individual members. R. Doc. 1 at 9-10.

Defendant timely answered the complaint and admitted that certain employees including Plaintiffs had been underpaid and were currently receiving restitution. R. Doc. 8 at 2. Furthermore, Defendant avers that Plaintiffs' claims are time barred, fail to state a cause of action, and fail to meet the necessary requirements for class certification. R. Doc. 8 at 4-5. Further, Defendant argues any state law claims are preempted by FLSA, and this Court lacks supplemental jurisdiction over Plaintiffs' remaining claims. R. Doc. 8 at 8. Defendant raises the Port-to-Portal Act, 29 U.S.C. § 260, as a defense barring Plaintiff's claims because the acts or omissions were done in good faith and in reasonable belief that they were not a violation of the FLSA. R. Doc. 8 at 6. Finally, Defendant denies being responsible for portions of the payments Plaintiffs demand. R. Doc. 8 at 7.

Plaintiffs filed a Motion to certify class and proceed with a collective action under FLSA in November 2016. R. Doc. 11. The Court denied the Motion, as Plaintiffs had not submitted sufficient evidence to demonstrate the existence of a class. However, Plaintiffs were given leave to submit additional information. On April 27, 2017, the Court granted the Motion for conditional class certification under FLSA, and ordered that Defendants produce "a complete list of all persons employed by AJAR as DSW personnel who worked at AJAR between April 22, 2012 and present, including their legal name, job title, address, telephone number, dates of employment, location of employment, date of birth, and Social DSW number." R. Doc. 21.

On January 16, 2018, the Court granted Plaintiffs' motion for summary judgment on the

FLSA claims for the collective action class and on the LWPA claims for the named plaintiffs. R. Doc. 57. The Court denied Plaintiff's motion to certify the class for purposes of the LWPA claims. R. Doc. 57.

## II. PRESENT MOTION

Plaintiffs ask the Court for leave to file an amended complaint. R. Doc. 61. Plaintiffs seek to add as a defendant, L'Orchid Thomas, the sole owner of Defendant AJAR. R. Doc. 61-1 at 1. Plaintiffs argue that they should be permitted to amend their complaint at this stage of the litigation because Defendant AJAR failed to produce documents or a 30(b)(6) deposition until December 2017. R. Doc. 61-1 at 1. Defendant responds in opposition arguing that Plaintiffs motion is untimely, will cause undue delay and prejudice, and is futile. R. Doc. 64.

Because the proposed defendant, L'Orchid Thomas, has filed for bankruptcy, it is appropriate to allow the bankruptcy court to handle this matter. The Plaintiffs are free to file an adversary complaint in the bankruptcy case.

## III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' motion for leave to file amended complaint, R. Doc. 61, is hereby **DENIED**.

New Orleans, Louisiana, this 29th day of January, 2018.

UNITED STATES DISTRICT JUDGE